IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

GREGORY M. KLOCH,                    )
                                     )
                    Plaintiff,       )          4:05CV3018
                                     )
        V.                           )
                                     )     MEMORANDUM AND ORDER
RANDY T. KOHL, JOSEPH C. SCOTT       )
JR., ARTHUR A. WEAVER, KATHRYN       )
KAHLA, JOHN L. REED, GORDON D.       )
ADAMS, DAVID A. DRYBURGH,            )
MICHAEL A. SITORIUS, DEBRA J.        )
FORD, JON C. BRUNING, RICHARD        )
NELSON, RICHARD RAYMOND, and         )
SUCCESSORS OF THE FOREGOING          )
INDIVIDUALS,                         )
                                     )
                    Defendants.      )
                                     )

        This matter is before the court on the motion to dismiss of defendants Gordon

D. Adams, David A. Dryburgh, Michael A. Sitorius, Debra J. Ford, Jon C. Bruning,

Richard Nelson, Richard Raymond, Randy T. Kohl, Joseph C. Scott, Jr., Arthur A.

Weaver, Kathryn Kahla, and John L. Reed, Filing No. 10.  This is an action for

declaratory and injunctive relief and damages for deprivation of constitutional rights

under 42 U.S.C. § 1983.

        I.      BACKGROUND

        The plaintiff alleges he was not afforded procedural due process in connection

with the placement of a "letter of concern" in his public record pursuant to the

Nebraska's Uniform Licensing Law, Neb. Rev. Stat. § 71-101, *et seq.*  Plaintiff is a

physician licensed to practice in Nebraska.  Defendants are the Attorney General of

Nebraska, the Director and Acting Director of the Nebraska Department of Health and Human Services Regulation and Licensure (hereinafter "the Department"), and members of the Nebraska Board of Medicine and Surgery (hereinafter "the Board"). The defendants have been sued in their official and individual capacities.

In his complaint, plaintiff challenges provisions of the Uniform Licensing Law as unconstitutional. Plaintiff alleges that the Board is responsible for and regulates the practice of medicine and surgery in the State of Nebraska. It has the power and authority to review and investigate complaints against physicians, and to recommend disciplinary action to the Nebraska Attorney General. The Department oversees the general administration of the activities of the Board, initiates investigations against physicians, and consults with the Board regarding recommendations for submission to the Attorney General. The Uniform Licensing Law governs the investigative, prosecutorial, and disciplinary process employed by the Department and the Board. All physicians licensed to practice medicine in Nebraska are subject to the Uniform Licensing Law.

Plaintiff alleges that, under the statute, no disciplinary measures can be imposed without first affording a physician due process. Disciplinary measures include censure, revocation, suspension of or limitations upon a physician's license. However, the statute also authorizes nondisciplinary "letter of concerns," which include a statement of the statute, rule or regulation in question and a statement advising the credentialed person of the conduct that would violate the statute, rule or regulation. The letter is signed by the Board and becomes part of the public record maintained on the physician. The letter can be considered in future disciplinary actions.

Plaintiff alleges that he received a letter of concern on or about August 5, 2002. The letter of concern was made a part of his public record, is referenced on the Department's web site and is available to the public upon request. Plaintiff also alleges that the Nebraska Administrative Procedures Act specifically forecloses judicial review of the letter of concern. Plaintiff alleges that he is subject to public censure and has been denied the right to a "clean" medical license. He further asserts that his reputation, good name and honor have been damaged and he has been denied the right to practice his profession without unwarranted interference by state officials.

Defendants move to dismiss plaintiff's complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. Rule 12(b)(1) and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). They argue that plaintiff has not alleged the deprivation of either a liberty or property interest that would entitle him to relief for a due process violation in connection with the letter of concern. They also argue that the doctrine of sovereign immunity bars any claims for monetary relief against them in their official capacities. Defendant Board members assert that plaintiff has failed to state a claim against them and further that they are immune from suit in their individual capacities under the doctrine of qualified immunity. Defendant Bruning asserts that he is immune from suit under the doctrine of prosecutorial immunity.

II.     DISCUSSION

Because jurisdiction is a threshold issue for the court, the district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached. *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir.1993). For the court to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil

3

Procedure 12(b)(1), the complaint must be successfully challenged either on its face or on the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir.1993). In a facial challenge to jurisdiction, all of the factual allegations regarding jurisdiction would be presumed true and the motion could succeed only if the plaintiff had failed to allege an element necessary for subject matter jurisdiction. *Id.*

In considering a motion to dismiss a complaint under Rule 12(b)(6), the court must assume all the facts alleged in the complaint are true; and, must liberally construe the complaint in the light most favorable to the plaintiff. *Schmedding v. Tnemec* Co., 187 F.3d 862, 864 (8th Cir. 1999). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Id.* Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Id.*

The Eleventh Amendment bars claims against state officials in their official capacities. *See Randolph v. Rogers*, 170 F.3d 850, 859 (8th Cir.1999) (Eleventh Amendment bars federal court from ordering state officials to conform conduct to state law); *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 743-44 (8th Cir.1998) (Eleventh Amendment immunity bars § 1983 lawsuit against state official in official capacity even if state entity is moving force behind deprivation of federal rights); *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir.1997) (without a clear statement that officials are being sued in personal capacities, complaint is interpreted as including only official-capacity claims). Plaintiff concedes that the Eleventh Amendment bars an action for damages

4

against the defendants.

The *Ex Parte Young* doctrine provides an exception to this prohibition, however, where the relief sought is prospective and not compensatory.  *Heartland Academy Comty. Church v. Waddle*, No. 04-2474, 2005 WL 2586704 (8th Cir. Oct. 14, 2005). A federal court may, therefore, issue an injunction to prevent state officials from violating the Constitution without running afoul of the Eleventh Amendment.  *Green v. Mansour*, 474 U.S. 64, 68 (1985).  Accordingly, defendants' motion to dismiss plaintiff's claim for damages against defendants in their official capacities will be granted; the motion to dismiss will be denied with respect to claims for declaratory and injunctive relief.

The Eleventh Amendment does not erect a barrier against suits to impose individual and personal liability for damages on state officials under § 1983.  *Hafer v. Melo,* 502 U.S. 21, 30-31 (1991).  Public officials are entitled to qualified immunity in suits against them in their individual capacity as long as their actions do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity is an affirmative defense to be found in a motion to dismiss only when the immunity can be established on the face of the complaint.  *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996).

The qualified immunity analysis is a two-step process.  *Saucier v. Katz*, 593 U.S. 194, 200 (2001); *Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997).  The threshold question is whether the plaintiff has alleged the violation of a constitutional right.  *Id.*  If so, the court determines whether that right was "clearly established" at the

5

time of the alleged violation.  *Id.*  This is an objective standard and is to be applied to a particular defendant's conduct as a matter of law.  *Id.*  Qualified immunity is usually raised by a motion for summary judgment after a limited amount of discovery has been conducted to determine whether defendants acted objectively in a reasonable manner and whether a plaintiff's rights were clearly established at the time of the alleged deprivation.  *Id.*  Courts take a broad view of what constitutes "clearly established" under the qualified immunity analysis and the test will favor a plaintiff when the test is based solely on the allegations in the complaint.  *Whisman*, 119 F.3d at 1309.

Plaintiff alleges a violation of his right to procedural due process.  The due process clause ensures every individual subject to a deprivation of a constitutionally protected interest the opportunity to be heard at a meaningful time and in a meaningful manner.  *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).  The nature of the interest and the circumstances of the deprivation dictate what procedures are necessary to satisfy this guarantee.  *Mathews*, 424 U.S. at 333-34.

To state a claim for violation of the right to procedural due process, a plaintiff must first allege that he or she was deprived of a protected life, liberty, or property interest and that the deprivation occurred without providing the plaintiff with due process.  *Llano v. Berglund*, 282 F.3d 1031, 1034 (8th Cir. 2002).  Once such a property right is established, a plaintiff is generally entitled to notice and "some sort of hearing" before the deprivation.  *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978).  To determine what process is due in a particular situation, the court must weigh, first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable

6

value, if any, of additional or substitute procedural safeguards; and finally, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Winegar v. Des Moines Indep. Comm. Sch. Dist.*, 20 F.3d 895, 899 (8th Cir. 1994).

A license to practice medicine is a property interest deserving constitutional protection. *See Green v. McElroy*, 360 U.S. 474, 492 (1959). Liberty interests are implicated where a defendant levels accusations at a person that are so damaging as to make it difficult or impossible for the person to escape the stigma of those charges. *Putnam v. Keller*, 332 F.3d 541 at 546 (8th Cir. 2003). Such stigma has generally been found in cases involving accusations of dishonesty, immorality, criminality, racism, and the like. *Id.* In those circumstances, a claimant would be entitled to an opportunity to clear his name. *See id.* A plaintiff can establish a procedural due process claim by alleging that stigmatizing accusations that he denies were made public. *Id.* at 546-47.

Accepting the allegations in the complaint as true, the court finds that plaintiff has stated a claim for the deprivation of a constitutional right. At this early stage of the litigation, the defendants have not shown they are entitled to qualified immunity for their alleged actions. Accordingly, defendants' motion to dismiss on the ground of qualified immunity will be denied.

Defendant Bruning moves to dismiss on the basis that, as a prosecutor, he is immune from suit. Prosecutors are entitled to absolute immunity from civil liability under 42 U.S.C. § 1983 for prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process. *Brodnicki v. City of Omaha*, 75

7

F.3d 1261, 1266 (8th Cir. 1996).  In contrast, a prosecutor is entitled only to qualified immunity when he pursues actions in an "investigatory" or "administrative" capacity. *Id.*  To determine whether particular actions of government officials fit within the absolute or qualified immunity standard, courts apply a functional approach that looks at the nature of the function performed, not the identity of the actor who performed it. *Id.*

The court cannot discern on the face of the complaint whether defendant Bruning's actions were prosecutorial as opposed to investigatory or administrative. Accordingly, defendant Bruning's motion to dismiss on the ground of prosecutorial immunity will be denied.

IT IS HEREBY ORDERED that defendants' motion to dismiss, Filing No. 10, is granted with respect to plaintiff's claim for damages under 42 U.S.C. § 1983 for defendants' actions in their official capacity, and denied in all other respects.

DATED this 8th day of December, 2005.

BY THE COURT:


s/Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge

8