IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GREGORY M. KLOCH, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3018 |
| | ) | |
| V. | ) | |
| | ) | ORDER |
| RANDY T. KOHL, JOSEPH C. SCOTT JR., ARTHUR A. WEAVER, KATHRYN KAHLA, JOHN L. REED, GORDON D. ADAMS, DAVID A. DRYBURGH, MICHAEL A. SITORIUS, DEBRA J. FORD, JON C. BRUNING, RICHARD NELSON, RICHARD RAYMOND, and SUCCESSORS OF THE FOREGOING INDIVIDUALS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to amend or for a new trial, Filing No. 67, and plaintiff's stipulation to amended order in part, and plaintiff's objection to amended order in part, Filing No. 68. Additionally before the court is defendants' application for stay, Filing No. 69. The court previously issued a memorandum and order declaring section 71-171.02 of Nebraska's Uniform Licensing Law unconstitutional. Filing No. 66. Section 71-171.02 states that

> [u]pon referral of a matter under section 71-171.01 by the Attorney General, the professional board may:

> (1) Send to the credentialed person a letter of concern, approved by the Attorney General, which includes a statement of the statute, rule, or regulation in question and a statement advising the credentialed person of the conduct that would violate such statute, rule, or regulation. Such letter shall be signed by the board and shall become a part of the public record of the credentialed person;

(2) Advise the Attorney General on the content of an agreement to serve as the basis of an assurance of compliance. The Attorney General may contact the credentialed person to reach, by voluntary agreement, an assurance of compliance. The assurance shall include a statement of the statute, rule, or regulation in question, a description of the conduct that would violate such statute, rule, or regulation, the assurance of the credentialed person that he or she will not engage in such conduct, and acknowledgment by the credentialed person that violation of the assurance constitutes unprofessional conduct as provided by subdivision (17) of section 71-148. Such assurance shall be signed by the credentialed person and shall become a part of the public record of the credentialed person. The credentialed person shall not be required to admit to any violation of the law and the assurance shall not be construed as such an admission; or

(3) Recommend that the Attorney General file a petition under section 71-150.

Neb. Rev. Stat. § 71-171.02 (2006).

Upon reconsideration, the court finds that paragraph one is severable from the remainder of the statute, and in light of plaintiff's stipulation, the court amends its previous order to find that only paragraph one of section 71-171.02 is unconstitutional.  The defendants further request that this court amend its previous memorandum and order to include language making its findings appealable as an interlocutory appeal.  The plaintiff objects to this request.  The court will not grant an interlocutory appeal of its findings, and the court will not grant a new trial or stay the proceedings.

ACCORDINGLY, IT IS ORDERED that

1. Defendants' motion to amend or motion for a new trial, Filing No. 67, is granted in part and denied in part as set forth herein;

2. Plaintiff's stipulation in part, Filing No. 68, is granted;

3. Plaintiff's objection in part to the amended order, Filing No. 68, is sustained;

4. The court's previous memorandum and order is amended so that the court finds Neb. Rev. Stat. § 71-171.02 (1) unconstitutional and severable from the remainder of the statute;

5. Defendants' application for stay, Filing No. 69, is denied.

DATED this 19th day of April, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief United States District Judge