IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GREGORY M. KLOCH, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3018 |
| | ) | |
| v. | ) | |
| | ) | |
| RANDY T. KOHL, JOSEPH C. SCOTT JR., ARTHUR A. WEAVER, KATHRYN KAHLA, JOHN L. REED, GORDON D. ADAMS, DAVID A. DRYBURGH, MICHAEL A. SITORIUS, DEBRA J. FORD, JON C. BRUNING, RICHARD NELSON, RICHARD RAYMOND, and SUCCESSORS OF THE FOREGOING INDIVIDUALS, | ) ) ) ) ) ) ) ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on plaintiff Gregory M. Kloch's ("Dr. Kloch") supplemental motion for attorney fees, Filing No. 88. Dr. Kloch instituted this lawsuit alleging that issuance of a "letter of concern" in accordance with Nebraska's Uniform Licensing Law violated his due process rights under 42 U.S.C. § 1983 and 28 U.S.C. § 2201. "Section 1983 provides that a person who, acting under color of state law, violates another person's constitutional rights is liable to the person whose rights he violates." *Goss v. City of Little Rock*, 151 F.3d 861, 864 (8th Cir. 1998). Under 42 U.S.C. § 1988(b), district courts may award reasonable attorney fees to a prevailing party "[i]n any action or proceeding" to enforce certain civil rights statutes, including 42 U.S.C. § 1983. *Webb v. County Bd. of Educ.*, 471 U.S. 234, 235-36 (1985); 42 U.S.C. § 1988(b) (2007).

The court entered a memorandum and order granting Dr. Kloch's partial motion for summary judgment and awarding Dr. Kloch the relief he requested. Filing No. 66. Defendant has appealed the court's memorandum and order denying defendants' motion for summary judgment and finding Bruning not entitled to qualified immunity. Filing Nos. 78, 66, 72. Defendant also appeals from the court's order denying defendant's motion for a new trial. Filing Nos. 72, 78. The court thereafter entered an order denying defendant's motion to stay, and terminating the pending motion for attorney fees. Filing No. 83. In that order, the court noted that Magistrate Judge Thalken had begun to progress the case, and the court assumed that the briefs that would follow the magistrate's stipulation would include responses regarding attorney fees. *Id.* The plaintiff then filed the supplemental motion for attorney fees, and the United States Court of Appeals for the Eighth Circuit thereafter directed this court to stay the proceedings pending resolution of the appeal. Filing No. 91.

"A notice of appeal divests the district court of jurisdiction of those aspects of the case involved in the appeal." *Harmon v. United States ex rel. FMHA*, 101 F.3d 574, 587 (8th Cir. 1996) (*quoting Liddell by Liddell v. Board of Educ.*, 73 F.3d 819, 822 (8th Cir. 1996)) (internal quotations omitted). However, if the issue of attorney fees is not before the court of appeals, the district court may then consider it. *Harmon*, 101 F.3d at 587.

In any action to enforce a provision of section 42 U.S.C. § 1983, such as this case, the court, in its discretion, may allow the prevailing party reasonable attorney fees as part of the costs. 42 U.S.C. § 1988 (2007). Congress enacted 42 U.S.C. § 1988 to permit the interim award of counsel fees only when a party has prevailed on the merits of at least some of the party's claims. *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health &*

*Human Res.*, 532 U.S. 598, 603 (2001). A plaintiff is a "prevailing party" for attorney fees purposes if the plaintiff succeeds on any significant issue in litigation which achieves some of the benefit the party sought in bringing suit. *Farrar v. Hobby*, 506 U.S. 103, 109 (1992). Moreover, a plaintiff prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar*, 506 U.S. at 111-112.

The amount of the fee must be dependent on the facts of each case. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). In this case, the plaintiff has received a judgment on the merits, and accordingly, the plaintiff's request for attorney fees is appropriate. In plaintiff's first motion for attorney fees, Filing No. 70, plaintiff requests an award of $23,617.00, and in his supplemental motion for attorney fees, Filing No. 88, plaintiff requests an additional $3,236.00, for a total fee award of $26,853.00. Additionally, in his supplemental motion for attorney fees, plaintiff requests actual damages in the amount of $3,501.85. Defendants have not filed a brief in opposition, but rather have stipulated to the award of attorney fees and actual damages. Filing No. 89, Attachment 1.

After carefully reviewing the record and, in particular, the itemized amounts set forth in the affidavits, *see* Filing No. 71, Attachment 1, Filing No. 89, Attachment 2, the court concludes the reported hours of work spent on this case are reasonable. Given the defendants' stipulation, the court finds that an award of attorney fees in the amount of $26,853.00 is reasonable and warranted. Because the case is stayed, the court declines to rule on the stipulation of damages. The parties can raise the issue of damages by motion once the appeal is resolved.

THEREFORE, IT IS ORDERED that plaintiff's supplemental motion for attorney fees, Filing No. 88, is granted. Plaintiff is awarded attorney fees in the amount of $26,853.00.

DATED this 30th day of July, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief United States District Judge